# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

KRISTINE SHIER,

                        Plaintiff,

v.

NANCY A. BERRYHILL,
  Acting Commissioner of Social Security,

                        Defendant.

Case No. 17-CV-226-JPS

**ORDER**

      The plaintiff filed a complaint in this matter and a motion for leave to proceed without prepayment of the filing fee. (Docket #1 and #2). The Court may grant the plaintiff's motion to proceed without prepayment of the filing fee if it determines that: (1) the plaintiff is truly indigent and unable to pay the costs of commencing this action; and (2) the plaintiff's action is neither frivolous nor malicious. 28 U.S.C. § 1915(a) and (e)(2).

      As to the first requirement, the privilege to proceed without payment of costs and fees "is reserved to the many truly impoverished litigants who…would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). The plaintiff does not satisfy that definition in this case.

      In her motion for leave to proceed *in forma pauperis*, the plaintiff made statements about her income and expenses under oath. (Docket #2). She indicates that she and her spouse are unemployed and that she has a minor child who is dependent on her. *Id.* at 2. The plaintiff further states that she owns no other property such as a vehicle or residence. *Id.* at 3. Still, she states that she has an income of $653 per month, though she does not describe its

source. *Id.* at 4. The only expenses the plaintiff itemizes are rent and phone service, which total $575. *Id.*

With this limited amount of information, it appears the plaintiff's income exceeds her expenses. As such, the Court cannot fairly conclude that the plaintiff is indigent for the purpose of Sections 1915(a) and (e)(2). While the Court acknowledges that it may be difficult for the plaintiff to pay the filing fee, it is not clear that the plaintiff would be unable "to provide [her]self…with the necessities of life," if required to pay the filing fee, and so the Court cannot find her indigent. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Because the Court finds that the plaintiff is able to pay the filing fee, and so is not indigent, the Court will deny her motion for leave to proceed *in forma pauperis* and require her to pay that fee within 14 days. If she fails to pay that fee, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; the plaintiff shall pay the full $400.00 filing fee in this action **within fourteen (14) days** of the entry of this order; failure to do so will result in the dismissal of this action without prejudice and without further notice.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge